UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> CARL CARDWELL POSTON III, <br> PROFESSIONAL SPORTS PLANNING, INC. and <br> PROFESSIONAL SPORTS PLANNING, INC. <br> PROFIT SHARING PLAN, <br><br> Defendants. | Civil Action <br><br> No. 4:23-cv-00029 |

COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, brings this action against Defendants, Carl Cardwell Poston III, Professional Sports Planning, Inc., and Professional Sports Planning, Inc. Profit Sharing Plan, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), for appropriate equitable and remedial relief under ERISA Sections 409 and 502(a)(5), 29 U.S.C. §§ 1109 and 1132(a)(5), to enjoin violations of the provisions of Title I of ERISA, and to obtain other appropriate relief to redress violations and to enforce the provisions of Title I of ERISA.

I. JURISDICTION

Jurisdiction of this action is conferred upon the Court by ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1).

## II. VENUE

Venue of this action lies in the United States District Court for the Southern District of Texas, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

## III. THE PLAN

Professional Sports Planning, Inc. Profit Sharing Plan is, and at all times hereafter mentioned was, an employee pension benefit plan within the meaning of ERISA Section 3(2), 29 U.S.C. § 1002(2).  The Plan was established by, and at all times hereinafter mentioned was maintained by Professional Sports Planning, Inc., an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a). During all times hereinafter mentioned, the Plan had been administered in Houston, Texas, within the jurisdiction of this Court.

## IV. THE DEFENDANTS

A.      At all relevant times, Carl Cardwell Poston III was the co-owner of Professional Sports Planning, Inc., and conducted the daily administration of the Plan as a functional Plan Administrator.  At all relevant times, Carl Cardwell Poston III was also a named Plan Trustee. As the functional Plan Administrator and a Trustee, Cark Cardwell Poston III had and exercised discretionary authority control, and responsibility over Plan management and administration and had actual control over Plan assets, including, but not limited to, determining the disposition of Plan assets.  At all relevant times, Defendant Carl Cardwell Poston III was a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A).  During all relevant times, Carl

Cardwell Poston III conducted his job duties concerning the management and administration of the Plan in Houston, Texas, within the jurisdiction of this Court.

B. Defendant Professional Sports Planning, Inc., is, and at all times hereinafter mentioned was, a corporation engaged in providing representation and negotiation services for professional athletes and doing business within the jurisdiction of this Court. At all times hereinafter mentioned, Professional Sports Planning, Inc., has been an employer and Plan sponsor with respect to the Professional Sports Planning, Inc. Profit Sharing Plan within the meaning of ERISA Sections 3(5) and 3(16)(B), 29 U.S.C. §§ 1002(5) and 1002(16)(B). At all times hereinafter mentioned, Professional Sports Planning, Inc., also has been the named Plan Administrator. Accordingly, at all times hereinafter mentioned, Professional Sports Planning, Inc., has been a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A).

D. The Plan, as described in paragraph III, above, is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## V. ERISA VIOLATIONS

A. During the period from on or about October 17, 2014, through on or about May 21, 2018, Defendants Carl Cardwell Poston III and Professional Sports Planning, Inc., obtained, retained, and used Plan assets for non-Plan uses, including funding the operation of Professional Sports Planning, Inc. Specifically, Defendant Carl Cardwell Poston, III directed the withdrawal of Plan assets to be used for operating the company.

B.  As a result of their respective positions and actions, Defendants Carl Cardwell Poston III and Professional Sports Planning, Inc., were fiduciaries with respect to the Plan, and they each violated the provisions of ERISA in that they respectively:

(1)  Failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

(2)  Failed to discharge their duties to the Plan with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

(3)  Caused the Plan to engage in transactions which they knew or should have known constitute a direct or indirect transfer to, or use by or for the benefit of, a party in interest, assets of such plan in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);

(4)  Dealt with the assets of the Plan in their own interests or for their own accounts in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1); and

(5)  Engaged in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of such trust and the interests of its participants and beneficiaries in violation of Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

C.  The violations occurred in, but were not limited to, withdrawing Plan assets for the purpose of funding the operations of Professional Sports Planning, Inc.; permitting Professional Sports Planning, Inc., a party in interest, to use Plan assets for its own benefit and

other non-Plan purposes; and failing to properly administer the Plan for the exclusive purpose of providing benefits to participants and beneficiaries.

      D.      The fiduciaries' violations resulted in the following Plan losses:

      (1)      $111,414.10 in Plan assets that were withdrawn between October 17, 2014, and May 21, 2018, for non-Plan purposes. The fiduciaries have restored a portion of these withdrawn assets, and the remaining amount owed to the Plan is $76,768.45, and

      (2)      Lost opportunity costs that cannot be calculated until the Plan assets are restored and distributed to the participants.

## VI. DIRECT LIABLITY

As a result of engaging in breaches of its fiduciary responsibilities, obligations, or duties and by engaging in transactions prohibited by ERISA, as described in Part V of this Complaint, Defendants Carl Cardwell Poston III and Professional Sports Planning, Inc., have caused the Plan to suffer financial losses for which they are jointly and severally liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a).

## VII. COFIDUCIARY LIABILITY

Pursuant to the provisions of ERISA Section 405, 29 U.S.C. § 1105, Defendants Carl Cardwell Poston III and Professional Sports Planning, Inc., are fiduciaries with respect to the Plan and are personally liable for the breaches of fiduciary responsibility set forth in paragraph V, above, committed by their co-fiduciaries with respect to the Plan during the period from October 17, 2014, to May 21, 2018. Defendant Professional Sports Planning, Inc., as named Plan Administrator acting through Carl Cardwell Poston III, and Defendant Carl Cardwell Poston III, as Trustee for the Plan and functional Plan Administrator acting on Professional Sports Planning, Inc.'s behalf for the Plan, were each aware of the actions of their co-fiduciary

5

and were able to take action to remedy the violations set forth in paragraph V above but failed to do so.

## VIII. PRAYER

WHEREFORE, cause having been shown, Plaintiff, Secretary of Labor prays that this Court:

1. Permanently enjoin Defendants Carl Cardwell Poston III and Professional Sports Planning, Inc., from violating the provisions of ERISA;

2. Order Defendants Carl Cardwell Poston III and Professional Sports Planning, Inc., to restore all losses to the Plan, with interest thereon, resulting from their breaches of fiduciary obligations, and to correct all prohibited transactions;

3. Enjoin Defendants Carl Cardwell Poston III and Professional Sports Planning, Inc., from acting as fiduciaries to the Plan or any other employee benefit plan covered by ERISA;

4. Order Defendants Carl Cardwell Poston III and Professional Sports Planning, Inc., to engage independent fiduciaries to be approved in advance by the Court and paid at the Defendants' expense to administer the Plan;

5. Award plaintiff costs of this action; and

6. Provide such other remedial relief as may be appropriate.

Respectfully Submitted,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

SHERYL L. VIEYRA
Counsel for ERISA


*/s/ Amy S. Hairston*
AMY S. HAIRSTON
Trial Attorney-in-Charge
TX Bar No. 24027954
Email:  hairston.amy.s@dol.gov

U.S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, TX  75202
(972) 850-3100

Attorneys for Plaintiff.