UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,[1] | ) ) ) Civil Action ) ) No. 4:23-cv-00029 ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| CARL CARDWELL POSTON III, PROFESSIONAL SPORTS PLANNING, INC., and PROFESSIONAL SPORTS PLANNING, INC. PROFIT SHARING PLAN, | |
| Defendants. | |

## CONSENT JUDGMENT AND ORDER

This action was brought by Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor, against Defendants Carl Cardwell Poston III, Professional Sports Planning, Inc., and Professional Sports Planning, Inc. Profit Sharing Plan, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Defendants admit to the jurisdiction of the Court over them and over the subject matter of this action and have agreed to the entry of judgment without contest.

It is, therefore, upon joint motion and for good cause shown, **ORDERED, ADJUDGED, AND DECREED** that:

1.  Professional Sports Planning, Inc. Profit Sharing Plan ("Plan") is, and at all times hereafter mentioned was, an employee pension benefit plan within the meaning of ERISA Section 3(2), 29 U.S.C. § 1002(2). The Plan was established by, and at all times hereinafter mentioned was maintained by Defendant Professional Sports Planning, Inc., an employer

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Julie A. Su, Acting Secretary of Labor, is automatically substituted for former Secretary of Labor Martin Walsh.

engaged in commerce or in an industry or activity affecting commerce and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).

2. Defendant Carl Cardwell Poston III was the co-owner of Professional Sports Planning, Inc., and conducted the daily administration of the Plan as a functional Plan Administrator. At all relevant times, Defendant Poston was also a named Plan Trustee. As the functional Plan Administrator and a Trustee, Defendant Poston had and exercised discretionary authority, control, and responsibility over Plan management and administration and had actual control over Plan assets, including, but not limited to, determining the disposition of Plan assets. At all relevant times, Defendant Poston was a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A).

3. Defendant Professional Sports Planning, Inc., was an employer and Plan sponsor with respect to the Professional Sports Planning, Inc. Profit Sharing Plan within the meaning of ERISA Sections 3(5) and 3(16)(B), 29 U.S.C. §§ 1002(5) and 1002(16)(B). Defendant Professional Sports Planning, Inc., was also the named Plan Administrator. Accordingly, at all relevant times, Defendant Professional Sports Planning, Inc., was a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A).

4. During the period from on or about October 17, 2014, through on or about May 21, 2018, Defendants Poston and Professional Sports Planning, Inc., obtained, retained, and used Plan assets for non-Plan uses, including funding the operation of Professional Sports Planning, Inc.

5. As a result, Plan participants Jeffrey Knox, Dwandye Porter, Jeffrey Ruffin, and Dwight Thomas and their beneficiaries sustained losses in the amount of $111,414.10, in Plan assets that were withdrawn between October 17, 2014, and May 21, 2018, for non-Plan purposes. The fiduciaries have restored a portion of these withdrawn assets. The remaining amount owed is $76,768.45, plus a compromise amount of $32,573.22 in lost opportunity costs, for which Defendants Poston and Professional Sports Planning, Inc., are jointly and severably liable as fiduciaries. The specific amount of withdrawn Plan assets and compromise amount of lost opportunity costs owed to each Plan participant is set forth below:

| Plan Participant | Amount of Withdrawn Plan Assets Owed | Lost Opportunity Costs |
|---|---|---|
| Jeffrey Knox | $74,150.87 | $31,462.57 |
| Dwandye Porter | $301.61 | $ 127.97 |
| Jeffrey Ruffin | $2,046.68 | $868.42 |
| Dwight Thomas | $269.29 | $114.26 |

6. Defendant Poston acknowledges that he is personally liable pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a), to pay the Plan participants the amounts stated in paragraph 5 in full. Defendant Poston represents that Defendant Professional Sports Planning, Inc., is now devoid of assets and that he personally lacks sufficient assets or income that would allow him to pay the amount he owes. In support of his representations, Defendant Poston has submitted an asset declaration to Plaintiff and understands that Plaintiff has relied on the financial information he has provided in accepting his representations that he is currently without sufficient financial assets to repay the amount owed.

7. To redress the fiduciary breaches that caused the losses to the Plan described above, it is **ORDERED, ADJUDGED, AND DECREED** that:

    A. Defendants Poston and Professional Sports Planning, Inc., their agents,

servants, employees and all persons in active concert or participation with them be and hereby are permanently enjoined and restrained from violating Title I of ERISA; and

        B.    Defendants Poston and Professional Sports Planning, Inc., are each hereby permanently enjoined and restrained from acting as a fiduciary, trustee, agent, or representative in any capacity to any ERISA-covered employee benefit plan.

8.    If Defendant Poston obtains sufficient assets to restore all or part of the amounts owed, he will make payments to the Plan through Charles Schwab, the fund custodian, and provide Plaintiff with proof of such payment in the form of cancelled checks, wire transfer receipts, or other indicia of actual payment to the Regional Director of the Dallas Regional Office, Employee Benefits Security Administration, Dallas Regional Office, 525 South Griffin Street, Room 900, Dallas, Texas 75202. To ensure that the Secretary remains apprised of Defendant Poston's financial condition until May 31, 2034, Defendant Poston agrees that he will send yearly status updates, including an asset affidavit each year, to the Regional Director at the address stated in this paragraph by May 31st of each year, up to and including May 31, 2034, or until the entire amount set forth in paragraph 5, including the compromise amount of lost opportunity costs, is paid to the participants, whichever occurs first, and further agrees to provide updated financial and/or supporting documents at EBSA's request within 10 days of such request.

9.    While Plaintiff declines to bring a collection action against either Defendant Poston or Defendant Professional Sports Planning, Inc., seeking the identified $76,768.45 in Plan losses, plus lost opportunity costs, at this time, Plaintiff reserves the right to bring such a collection action at any time up to and including May 31, 2034. Prior to initiating any such collection action, Plaintiff shall send Defendant Poston a written demand letter. Within 10 days

of receiving such demand letter, Defendant Poston shall provide Plaintiff with financial documents, including but not limited to tax returns for the three most recent years, bank statements, investment statements, and other similar financial statements relevant to his ability to restore the Plan's losses, including lost opportunity costs.

10. The Secretary of Labor is required to assess a civil penalty of 20 percent on amounts recovered under a settlement agreement or a court order ("applicable recovery amount"), pursuant to ERISA § 502(l)(2). Accordingly, the total amount restored to the Plan shall be deemed to be the "applicable recovery amount." Further, Defendants Poston and Professional Sports Planning, Inc., agree either:

(a) To pay the assessed penalty within 60 days of service of any notice of the assessment; or

(b) To timely file a request for waiver or reduction of the penalty, pursuant to ERISA § 502(1)(3) and 29 C.F.R. §§ 2570.80 to 2570.88. If a request for waiver or reduction of the penalty is timely filed, Defendants Poston and Professional Sports Planning, Inc., agree to accept the Department of Labor's determination regarding such request, and to pay the penalty, if any, as set forth in the Department of Labor's determination letter.

11. Defendants agree that the debt owed to the Plan, which totals $76,768.45 in withdrawn funds plus a compromise amount of $32,573.22 in lost opportunity costs, is non-dischargeable in any current or future bankruptcy filing made by either Defendant Poston or Defendant Professional Sports Planning, Inc., at any time prior to April 1, 2034. Defendants Poston and Professional Sports Planning, Inc., further agree to enter into Agreed Orders of Non-Dischargeability, affirming the subject debt, to be filed in any current or future bankruptcy proceeding filed by either of them at any time prior to April 1, 2034.

12. This Consent Judgment resolves all claims of Plaintiff's Complaint with respect to Defendants Poston, Professional Sports Planning, Inc., and Professional Sports Planning, Inc. Profit Sharing Plan, with the following exceptions:

    A. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor;

    B. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502(l) of the Act and which are not deemed to be a debt to the Plan; and

    C. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this *Consent Judgment and Order*.

13. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

14. None of the Plan's assets will be used to pay the attorneys' fees, costs, and other litigation expenses incurred by any of the Defendants in this action.

Signed on this the __25th__ day of __January__, 2024.

_____
UNITED STATES DISTRICT COURT JUDGE